## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MATTHEW HERRERA,

       Plaintiff,

v.                                        CV 20-0313 KG/JHR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,[1]

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Before the Court is Plaintiff Matthew Herrera's Motion and Memorandum in Support of Remand or Reversal [Doc. 21], fully briefed on April 14, 2021. [Docs. 24, 25, 26]. Pursuant to 28 U.S.C. § 636(b), this matter was referred to the undersigned Magistrate Judge to recommend a final disposition. [Doc. 27]. Having reviewed the parties' submissions, the relevant law, and the relevant portions of the Administrative Record, I find that the administrative law judge ("ALJ") who decided this case failed to apply binding circuit precedent requiring analysis of Mr. Herrera's ability to access the jobs identified by the vocational expert at step five of the sequential evaluation process, rendering the Commissioner's final decision in this case unsupported by law and substantial evidence. I therefore **recommend** that Mr. Herrera's Motion be **granted**, and this case be **remanded** to the Social Security Administration for further proceedings.

### I.      INTRODUCTION

The reversible error Mr. Herrera contends the Commissioner committed in this case is not new to this Court, nor is it an open question in the Tenth Circuit. *See Trimiar v. Sullivan*, 966 F.2d

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is substituted for former Commissioner Andrew Saul as the Defendant in this suit.

1326 (10th Cir. 1992). In fact, the undersigned alone has held against the Commissioner ten times on this issue since 2018.[2]  Prior decisions by judges in the District of New Mexico, while typically "unpublished," are not inaccessible to litigants in present cases, and Mr. Herrera not only raised *Trimiar* in his opening brief but also cited one of this Court's decisions. *See* Doc. 21, p. 17 (citing *Ammons v. Saul*, CV 18-1212 JHR 2020 WL 1434247 (D.N.M. Mar. 23, 2020)).[3] This Court's recommendation should, therefore, come as no surprise.

As the Tenth Circuit has held and this Court has reiterated, a federal district court reviewing an administrative determination of nondisability is prohibited from supplying factual inferences supporting a denial of benefits at step five of the sequential evaluation process (where the burden shifts to the Administration to show a claimant can still work) in the absence of the factually specific analysis mandated by the Tenth Circuit in *Trimiar. See Allen v. Barnhart*, 357 F.3d 1140, 1144-1145 (10th Cir. 2004) (citing *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001)). In other words, the Tenth Circuit has repeatedly cautioned this Court against finding that jobs totaling less than 152,000 are "significant" enough to meet the Commissioner's burden to show that a claimant remains capable of, and is able to access, work which actually exists within the national economy - at least in cases where the Administration has not independently reached that conclusion through a reasoned, factually supported, claimant-specific analysis. *See Evans v.*

---

[2] *See Halford v. Saul*, CV 19-0413 JHR, Doc. 27, 2020 WL 3832986 (D.N.M. July 7, 2020) and Doc. 33, 2021 WL 2328067 (D.N.M. June 8, 2021) (unpublished); *see also Romero v. Saul*, CV 19-0092 JHR, Doc. 32, 2020 WL 1677074 (D.N.M. Apr. 6, 2020) (unpublished); *Lucero v. Saul*, CV 19-0114 JHR, Doc. 25, 2020 WL 1495285 (D.N.M. Mar. 27, 2020) (unpublished); *Ammons v. Saul*, CV 18-1212 JHR, Doc. 23, 2020 WL 1434247 (D.N.M. Mar. 23, 2020) (unpublished); *Salazar Trujillo v. Saul*, CV 18-1134 JHR, Doc. 25,  (D.N.M. Jan. 21, 2020) (unpublished); *Figueroa v. Saul*, CV 18-0885 JHR, 2019 WL 3766184 (D.N.M. Aug. 9, 2019) (unpublished); *Laney v. Berryhill*, CV 17-1062 JHR, Doc. 20, 2019 WL 586660 (D.N.M. Feb. 12, 2019) (unpublished); *Roybal v. Berryhill*, CV 17-1045 JHR, Doc. 26, 2019 WL 318387 (D.N.M. Jan 24, 2019) (unpublished); *Crockett v. Berryhill*, CV 17-0955 JHR, 2018 WL 6250602 (D.N.M. Nov. 29, 2018) (unpublished); *Brandenburg v. Berryhill*, CV 17-0507 JB/JHR, Doc. 27, 2018 WL 4328032 (D.N.M. May 25, 2018), *report and recommendation adopted*, 2018 WL 3062591 (D.N.M. June 21, 2018) (unpublished).

[3] Moreover, the Commissioner, by virtue of her office, was a party to every decision cited.

*Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (unpublished) ("As *Trimiar* pointed out, there is no bright-line answer to how many jobs are enough for a court to say, as a matter of law, that the number is significant, but the number appears to be somewhere between 100, the number of jobs in *Allen* that we refused to consider significant for harmless-error purposes, and 152,000, the lowest number of jobs we have considered (in *Stokes*[ *v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished)]) to be sufficient so far for application of harmless error.").

This Court has dutifully applied *Trimiar* and the Tenth Circuit cases construing it, and, to this Court's knowledge, the Commissioner has yet to appeal any of its *Trimiar*-based rulings. Without a contrary (published) opinion from the Tenth Circuit, the Commissioner has failed to empower this Court to reconsider its prior rulings. Elementary black letter law (stare decisis)[4] requires this Court to follow its prior rationale in the absence of compelling reason to revisit that reasoning. As the Supreme Court has reiterated, "[o]verruling precedent is never a small matter [because] … [a]dherence to precedent is 'a foundation stone of the rule of law.…' [I]t promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.'" *Kisor v. Wilkie*, 139 S.Ct. 2400, 2422 (2019) (quoting *Kimble v. Marvel Entertainment, LLC*, 135 S.Ct. 2401, 2409 (2015); *Michigan v. Bay Mills Indian Community*, 572 U.S. 782, 798 (2014); and *Payne v. Tennessee*, 501 U.S. 808, 827 (1991)).

Despite her reluctance to acknowledge this Court's decisions addressing the "significant numbers" issue in district-level appeals brought against the Administration since 2018, the

---

[4] Stare decisis, "[t]he doctrine of precedent, under which a court must follow earlier judicial decisions when the same points arise again in litigation[,]" binds this Court to its prior reasoning unless a present litigant demonstrates "urgent reasons" to depart from that reasoning in an "exceptional case[.]" Black's Law Dictionary (11th ed. 2019) (quoting William M. Lile et al., Brief Making and the Use of Law Books, 321 (Roger W. Cooley & Charles Lesley Ames eds., 3d ed. 1914)).

Commissioner has not demonstrated that this is an exceptional case meriting reconsideration of the Court's prior holdings. Therefore, for the reasons that follow, the Court again finds against the Commissioner on the factual "significant numbers" issue and recommends that this case be reversed and remanded for further fact finding and analysis because she failed to apply binding Tenth Circuit law requiring a claimant-specific analysis, the absence of which rendered her denial of benefits unsupported by substantial evidence.

## II.   <u>PROCEDURAL HISTORY</u>

Mr. Herrera filed an application seeking disability insurance benefits under Title II of the Social Security Act on February 14, 2017. *AR* at 165-171.[5] In his application Mr. Herrera alleged that his conditions, which included two ruptured discs in his lower back, degenerative disc disease, arthritis in his lower back, and depression, *AR* at 68, rendered him unable to work on February 7, 2017. *AR* at 165. The Administration denied Mr. Herrera's claims initially and upon reconsideration, and he requested a *de novo* hearing before an administrative law judge ("ALJ"). *AR* at 67-105.

ALJ Deirdre O. Dexter held an evidentiary hearing on February 2, 2018, at which Mr. Herrera and a vocational expert, Bonnie Ward, testified. *AR* at 33-66. Mr. Herrera was asked about his past work which the vocational expert classified under the Dictionary of Occupational Titles as a department manager, assembler, security guard, cable maintainer, and truck driver. *AR* at 58-59. The ALJ then asked the vocational expert whether a hypothetical individual with Mr. Herrera's conditions and resulting limitations could perform his past work or other work in the national economy. *AR* at 60. The vocational expert stated that such a person could not perform Mr. Herrera's past work as it is performed in the national economy. *AR* at 60. However, the expert

---

[5] Document 16-1 comprises the sealed Certified  Transcript of the Administrative Record ("*AR*"). The Court cites the Record's internal pagination rather than the CM/ECF document number and page.

stated that such a person could still work as a document preparer (57,000 national jobs), touch up screener (40,000 national jobs) and semi-conductor bonder (25,000 national jobs). *AR* at 63-65. Thus, the expert testified that there are approximately 122,000 jobs in the national economy Mr. Herrera can perform. *Id.*[6]

Relying on the vocational expert's testimony, ALJ Dexter issued an unfavorable decision on June 18, 2019. *AR* at 15-31. Mr. Herrera submitted a Request for Review of the ALJ's decision to the Appeals Council, which the Council denied on March 3, 2020. *AR* at 1-6, 163-164. As such, the ALJ's decision became the final decision of the Commissioner. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Mr. Herrera filed a timely Complaint appealing the decision on April 8, 2020. [*See* Doc. 2]. This Court has jurisdiction to review the final decision pursuant to 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a). After preliminary delays, District Judge Kenneth J. Gonzales and the undersigned Magistrate Judge were assigned to the case, Judge Gonzales referred the case to me, and briefing was completed on April 14, 2021. [Docs. 19, 26, 27].

### III.    THE COMMISSIONER'S FINAL DECISION

A claimant seeking disability benefits must establish that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

---

[6] The Court notes here that the expert qualified her testimony in two ways. First, she indicated that the DOT does not account for the sit/stand requirement in the ALJ's hypothetical. Second, the expert was unable to state, definitely, how she reached the noted job numbers. While she did indicate that she draws the numbers from "different sources" and referenced the Department of Labor and "counting business patterns", she conceded that her numbers would be hard to replicate. *See AR* 61-64 (In fact, she stated affirmatively that such numbers are estimates and she did not "think anyone could come up with an exact number of jobs at any given time."). Because the Court recommends reversal on *Trimiar* grounds, it does not find it necessary to further discuss the vague information relied upon by the expert, and ultimately the Commissioner, in this case, but acknowledges Justice Gorsuch's reasoned view that speculative and conclusory evidence cannot be "substantial evidence." *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1160, 203 L. Ed. 2d 504 (2019) (Gorsuch, J. dissenting).

The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. § 404.1520(a)(4).[7]

At step one of the sequential evaluation process, the ALJ found that Mr. Herrera has not engaged in substantial gainful activity since his alleged onset date. *AR* at 17. At step two, she determined that Mr. Herrera has the severe impairments of "degenerative disc disease, obesity, depressive disorder, and anxiety disorder[.]" *AR* at 15. At step three, the ALJ concluded that Mr. Herrera's impairments, individually and in combination, do not meet or medically equal the regulatory "listings." *AR* at 18-19. Mr. Herrera does not challenge the ALJ's conclusions through step three. [*See* Doc. 21, pp. 9-19].

When a claimant does not meet a listed impairment, the ALJ must determine his residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). RFC is a multidimensional description of the work-related abilities a plaintiff retains notwithstanding his impairments. *See* 20 C.F.R. § 404.1545(a)(1). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at \*1. In this case, the ALJ determined that Mr. Herrera retains the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a). Specifically the claimant is able to lift, carry, push or pull up to ten pounds frequently and twenty pounds occasionally. He is able to sit up to six hours in an 8-hour workday. He is able to stand and/or walk up to three hours in an 8-hour workday. He should have the option to stand for five minutes after one hour of sitting without leaving the workstation. He should not be required to stand or walk for more than 30 minutes consecutively. He is able to occasionally climb ramps or stairs, stoop, kneel, crouch or crawl. He is able to frequently balance. The job should not involve climbing ladders, ropes, or scaffolds. He is able to perform simple, routine tasks. He is able to occasionally to interact with supervisors and coworkers. The job should not involve interacting with the general public.

*AR* at 19.

---

[7] The Tenth Circuit summarized these steps in *Allman v. Colvin*, 813 F.3d 1326, 1333 n.1 (10th Cir. 2016).

Employing this RFC at Steps Four and Five, and relying on the vocational expert's testimony, the ALJ determined that Mr. Herrera is unable to perform his past relevant work as a department manager, assembler, security guard, cable maintainer or truck driver. *AR* at 25. However, the ALJ found that there are jobs that exist in significant numbers in the national economy that Mr. Herrera can perform despite his limitations. *AR* at 26. Specifically, the ALJ determined that Mr. Herrera retains the functional capacity to work as a document preparer, touch-up screener or semiconductor bonder as the vocational expert testified, representing a total of 122,000 jobs in the national economy. *AR* at 26. Accordingly, the ALJ determined that Mr. Herrera is not disabled as defined in the Social Security Act and denied him Title II benefits. *AR* at 26.

**IV.    STANDARD OF REVIEW**

This Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "[T]he agency's 'failure to apply the correct legal standards, or to show [the Court] that it has done so' is 'grounds for reversal.'" *Bryant v. Comm'r, SSA*, 753 F. App'x 637, 640 (10th Cir. 2018) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

**V.    ISSUES PRESENTED**

1.    Whether the ALJ erred in giving Dr. Gzaskow's opinion little weight as inconsistent with the medical evidence and his own examination? [Doc. 21, p. 9].

2.    Whether the ALJ failed to properly evaluate and weigh Dr. Munoz' opinion? [Doc. 21, p. 11].

3.     Whether the ALJ failed to comply with SSR 16-7p when rejecting Mr. Herrera's uncle's statement? [Doc. 21, p. 13].

4.     Whether the ALJ failed to support her decision with substantial evidence at step five by omitting a *Trimiar* analysis? [Doc. 21, p. 13].

## VI.     ANALYSIS

The Court only addresses the fourth issue presented, in the interest of judicial efficiency, as the Administration may choose to revisit the others on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

The pertinent regulations do not permit an ALJ to rely on "[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [a claimant] live[s.]" *See* 20 C.F.R. §§ 404.1566(b), 416.966(b) ("Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered work which exists in the national economy. We will not deny you disability benefits on the basis of the existence of these kinds of jobs. If work that you can do does not exist in the national economy, we will determine that you are disabled."). She must as a matter of law analyze a claimant's ability to access the jobs identified as within RFC unless those jobs total over one-hundred and fifty-two thousand (152,000) in the national economy. *See Halford v. Saul*, CV 19-0413 JHR, Doc. 27, 2020 WL 3832986 (D.N.M. July 7, 2020) and Doc. 33, 2021 WL 2328067 (D.N.M. June 8, 2021) (unpublished).

This requirement comes from *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992). In *Trimiar* the Tenth Circuit held that "[an] [administrative law] judge should consider many criteria in determining whether work exists in significant numbers[,]" including: "the level of the claimant's disability; the reliability of the vocational expert's testimony; the distance the claimant

is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the type and availability of such work, and so on." *Id.* at 1330 (quoting *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988), in turn quoting *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)). Thus, an ALJ must evaluate each case on its individual merits to determine whether work exists in significant numbers in the national economy as applied to a given claimant's factual circumstances. *Trimiar*, 966 F.2d at 1330. Each case (like each claimant) is unique, and the "intrinsic" effects of a claimant's impairments may "prevent [him] from *accessing* certain jobs in the local or national economy." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 906 (6th Cir. 2016) (emphasis supplied). "What is 'significant' enough to show [a] claimant[] can still work varies widely and thus will depend on individual circumstances." *Id.* While this principle has been tempered over time and does not apply in cases involving "much larger"[8] numbers of jobs - over 152,000 national jobs in the Tenth Circuit, *see Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (unpublished) - *Trimiar* has never been overruled and remains good law.[9]

The Commissioner argues that the ALJ satisfied *Trimiar* in reaching the factual finding that there are "significant numbers" of jobs available to Mr. Herrera in this case, citing a recent unpublished decision from the Tenth Circuit - *Garcia v. Commissioner, SSA*, 817 F. App'x 640, 649 (10th Cir. 2020) (unpublished). But the ALJ here analyzed *none* of the *Trimiar* factors. [*AR* at 26]. That alone distinguishes this case from *Garcia*, where the claimant argued that the ALJ

---

[8] *See Raymond v. Astrue*, 621 F.3d 1269, 1274 n.2 (10th Cir. 2009); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (discussing the principles of harmless error and stating that "[s]uch an approach might have been open to us here had the number of available jobs identified by the VE not been one hundred but considerably greater.").

[9] Under current Tenth Circuit precedent an ALJ is not required to perform a *Trimiar* analysis where the number of national jobs at issue is "much larger" than the 650 to 900 regional jobs at issue there. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009). Thus, while the Tenth Circuit "has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number[,]'" *Trimiar*, 966 F.2d at 1330, it has indicated that the Commissioner's final decision should be affirmed where an ALJ identifies at least 152,000 jobs that are consistent with a claimant's RFC. *See Evans*, 640 F. App'x at 736.

omitted discussion of *two* of the pertinent factors. *Garcia*, 817 F. App'x at 649. Absent a *Trimiar*

analysis the "significant numbers" finding in this case is unsupported by substantial evidence.

  The Court also agrees with Magistrate Judge Vidmar who has, post-*Garcia*, addressed the

Commissioner's argument that an ALJ need only utter the words "significant numbers" to render

the issue unreviewable by a federal district court. *See Mitchell v. Saul*, 2020 WL 4201855, p. *6

(D.N.M. July 22, 2020). As here, Judge Vidmar described the ALJ's discussion of *Trimiar* factors

as "no analysis of any kind…." *Id.* And *Garcia* was not the Tenth Circuit's last word on the matter.

In an unpublished decision, *Kimes v. Commissioner, SSA*, 817 F. App'x 654 (10th Cir. 2020)

(unpublished), it reaffirmed that "[i]t is not appropriate for [a] court to decide, in the first instance,

whether a relatively low number qualifies as a 'significant number' of jobs." *Id.* at 659 (citing

*Allen*, 357 F.3d at 1144; *Trimiar*, 966 F.2d at 1330). Therefore, "because the ALJ failed to evaluate

the *Trimiar* factors and make specific factual findings regarding the numerical significance

requirement, [this Court] cannot properly review this issue." *Rhodes v. Barnhart*, 117 F. App'x

622, 532 (10th Cir. 2004) (unpublished). As the Tenth Circuit has stated:

> *Trimiar's* insistence on an antecedent exercise of judgment by the ALJ is not novel.
> On the contrary, it is consistent with, if not compelled by, our broader recognition
> that as a court acting within the confines of its administrative review authority, we
> are empowered only to review the ALJ's decision for substantial evidence and …
> we are not in a position to draw factual conclusions on behalf of the ALJ.

*Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (quotations omitted). Absent the proper

factual analysis by the ALJ, this Court declines the Commissioner's invitation to find the jobs in

this case to be significant as a matter of law. Absent such a finding, it was the Administration's

burden to show factually that Mr. Herrera can not only work but can also access the jobs that are

available to him. Its failure to do so renders this case unsupported by substantial evidence.

## VII.   **RECOMMENDATION**

As in prior cases involving the "significant numbers" issues, the Court is bound not only by its present interpretation of binding Tenth Circuit precedent but also by its prior reasoning because of the principles of horizontal and vertical stare decisis. *See, e.g.*, *Ammons*, CV 18-1212, Doc. 23, pp. 15-16 (Explaining that under horizonal stare decisis "a court … must adhere to its own prior decisions, unless it finds compelling reasons to overrule itself[,]" and that vertical stare decisis requires a court to strictly follow the decisions of higher courts in its jurisdiction.) (quoting BLACK'S LAW DICTIONARY, 710 (Fourth Pocket Ed. 2011)). "To be sure, stare decisis is 'not an inexorable command.' But any departure from the doctrine demands 'special justification'—something more than 'an argument that the precedent was wrongly decided.'" *Kisor*, 139 S. Ct. at 2422 (quoting *Payne v. Tennessee*, 501 U.S. 808, 827 (1991), and *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 266 (2014)). Therefore, the ALJ was required to conduct a significant numbers inquiry in order to support her decision to deny Mr. Herrera benefits at step five of the sequential evaluation process and, because she failed to do so, this Court has no choice but to **recommend** that this case be **reversed and remanded** for further proceedings.

Wherefore, **IT IS HEREBY RECOMMENDED** that Mr. Gallegos' Motion to Remand [Doc. 20] be **granted**.

_____
**UNITED STATES MAGISTRATE JUDGE**

11

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**