IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW HERRERA,

        Plaintiff,

v.                                                                                   CV 20-0313 KG/JHR

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration,[1]

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Objection to the Proposed Findings and Recommended Disposition ("PFRD") of Magistrate Judge Jerry H. Ritter. *Docs. 28, 29*. The PFRD recommends that the Court grant Plaintiff Matthew Herrera's Motion and Memorandum in Support of Remand or Reversal. *See Docs. 21, 28*. I referred Mr. Herrera's Motion to Magistrate Judge Ritter pursuant to 28 U.S.C. § 636(b), *Doc. 27*, and, having reviewed the PFRD against the Commissioner's Objections, find that the Objections must be overruled. I agree with Magistrate Judge Ritter that the administrative law judge ("ALJ") who decided this case failed to comply with the dictates of *Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992), by omitting any analysis of Mr. Herrera's ability to access the jobs identified by the vocational expert at step five of the sequential evaluation process, rendering the Commissioner's final decision in this case unsupported by law and substantial evidence. Therefore, I hereby grant Mr. Herrera's Motion and remand this case to the Social Security Administration for further proceedings.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is substituted for former Commissioner Andrew Saul as the Defendant in this suit.

I.  **STANDARD OF REVIEW**

District Judges may refer dispositive motions to Magistrate Judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To preserve an issue for review, a party's objections must be "both timely and specific." *United States. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district judge must "make a *de novo* determination of those portions of the [PFRD] ... to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). While the district judge must conduct a *de novo* review of the record, no specific findings are required, and the Court may place whatever reliance it chooses on the magistrate judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

As noted by the Magistrate Judge, this Court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (quoting *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014)). A deficiency in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). "[T]he agency's 'failure to apply the correct legal standards, or to show [the Court] that it has done so' is 'grounds for reversal.'" *Bryant v. Comm'r, SSA*, 753 F. App'x 637, 640 (10th Cir. 2018) (unpublished) (quoting *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996)).

## II. PROCEDURAL HISTORY[2]

Mr. Herrera filed an application seeking disability insurance benefits under Title II of the Social Security Act on February 14, 2017. *AR* at 165-171.[3] The Administration denied Mr. Herrera's claims initially and upon reconsideration, and he requested a *de novo* evidentiary hearing before one of the ALJs. At that hearing the vocational expert testified that a person with Mr. Herrera's limitations cannot perform his past relevant work as a department manager, assembler, security guard, cable maintainer, and truck driver. *AR* at 58-59. However, the expert stated that such a person could still work as a document preparer (57,000 national jobs), touch up screener (40,000 national jobs) and semi-conductor bonder (25,000 national jobs). *AR* at 63-65. Thus, the expert testified that there are approximately 122,000 jobs in the national economy Mr. Herrera can perform. *Id.*[4] The ALJ denied Mr. Herrera benefits on June 18, 2019, relying on these numbers and finding them to be "significant" in this case. *AR* at 15-31. Absent from the ALJ's analysis, however, was any discussion of the *Trimiar* factors. *AR* at 26; *see* 966 F.2d at 1330 ("[an] [administrative law] judge should consider many criteria in determining whether work exists in significant numbers[,]" including: "the level of the claimant's disability; the reliability of the vocational expert's testimony; the distance the claimant is capable of travelling

---

[2] The PFRD lays out the facts of this case, repeated here only as necessary to explain the Court's reasoning.

[3] Document 16-1 comprises the sealed Certified Transcript of the Administrative Record ("*AR*"). As did the Magistrate Judge, the Court cites the Record's internal pagination rather than the CM/ECF document number and page.

[4] The Court reiterates the Magistrate Judge's observation that the expert qualified her testimony in two ways. First, she indicated that the DOT does not account for the sit/stand requirement in the ALJ's hypothetical. Second, the expert was unable to define how she reached the noted job numbers. While she did indicate that she draws the numbers from "different sources" and referenced the Department of Labor and "counting business patterns", she conceded that her numbers would be hard to replicate. *See AR* 61-64 (Vocational expert admitted that job numbers are estimates and she did not "think anyone could come up with an exact number of jobs at any given time."). Because the Court recommends reversal on *Trimiar* grounds, it does not find it necessary to further discuss the vague information relied upon by the expert, and ultimately the Commissioner, in this case, but endorses Justice Gorsuch's deduction that speculative and conclusory evidence cannot be "substantial evidence." *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1160, 203 L. Ed. 2d 504 (2019) (Gorsuch, J. dissenting).

3

to engage in the assigned work; the isolated nature of the jobs; the type and availability of such work, and so on.").

Mr. Herrera submitted a Request for Review of the ALJ's decision to the Appeals Council, which the Council denied on March 3, 2020. *AR* at 1-6, 163-164. Once the ALJ's decision became the final decision of the Commissioner, *see Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003), Mr. Herrera filed a timely Complaint appealing the decision to this Court on April 8, 2020. *See Doc. 2*. After briefing was complete, Magistrate Judge Ritter recommended granting Mr. Herrera's Motion on September 2, 2021. *Doc. 28*. This Court's jurisdiction to review the final decision of the Commissioner arises from 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(a).

## III.  ANALYSIS

The Commissioner's Objection claims that the ALJ's "factual finding" that 122,000 jobs in the national economy must be affirmed under the deferential substantial evidence standard of review. [Doc. 29, p. 1]. The Court disagrees. The error committed in this case is not simply factual – if it were then the standard of review would likely require deference to the Commissioner. However, the ALJ in this case not only failed to correctly apply the relevant law to the facts but appears to have ignored it – an error mandating reversal. And, as the Magistrate Judge observed, "[t]he reversible error identified by Mr. Herrera contends the Commissioner committed in this case is not new to this Court, nor is it an open question in the Tenth Circuit. *See Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992)." *Doc. 28*, pp. 1-2. The Magistrate Judge pointed to ten cases where he applied *Trimiar* and reversed the Final Decision of the Commissioner since 2018.[5] While the Commissioner is entitled to object, without binding

---

[5] *See Halford v. Saul*, CV 19-0413 JHR, Doc. 27, 2020 WL 3832986 (D.N.M. July 7, 2020) and Doc. 33, 2021 WL 2328067 (D.N.M. June 8, 2021) (unpublished); *see also Romero v. Saul*, CV 19-0092 JHR, Doc. 32, 2020 WL 1677074 (D.N.M. Apr. 6, 2020) (unpublished); *Lucero v. Saul*, CV 19-0114 JHR, Doc. 25, 2020 WL 1495285 (D.N.M.

4

authority contrary to the Magistrate Judge's recommendation or a previous case decided in her favor by the undersigned, the result in this case should come as no surprise.

In 2004 the Tenth Circuit "emphasize[d]" in a published opinion "that *Trimiar's* insistence on an antecedent exercise of judgment by the ALJ is not novel." *See Allen v. Barnhart*, 357 F.3d 1140, 1144-1145 (10th Cir. 2004) "On the contrary, it is consistent with, if not compelled by, our broader recognition that as a court acting within the confines of its administrative review authority, we are empowered only to 'review the ALJ's decision for substantial evidence' and, accordingly, 'we are not in a position to draw factual conclusions on behalf of the ALJ.'" *Id.*, citing *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (quotation omitted). *Allen* made clear that the only avenue for a court faced with facts like these, where the ALJ omits a *Trimiar* analysis, is to hold that the numbers provided in a case are significant as a matter of law. Yet, since *Allen* the Tenth Circuit has repeatedly cautioned this Court against finding that jobs totaling less than 152,000 are "significant" enough to meet the Commissioner's burden as a matter of law. *See Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016) (unpublished) ("As *Trimiar* pointed out, there is no bright-line answer to how many jobs are enough for a court to say, as a matter of law, that the number is significant, but the number appears to be somewhere between 100, the number of jobs in *Allen* that we refused to consider significant for harmless-error purposes, and 152,000, the lowest number of jobs we

---

Mar. 27, 2020) (unpublished); *Ammons v. Saul*, CV 18-1212 JHR, Doc. 23, 2020 WL 1434247 (D.N.M. Mar. 23, 2020) (unpublished); *Salazar Trujillo v. Saul*, CV 18-1134 JHR, Doc. 25, (D.N.M. Jan. 21, 2020) (unpublished); *Figueroa v. Saul*, CV 18-0885 JHR, 2019 WL 3766184 (D.N.M. Aug. 9, 2019) (unpublished); *Laney v. Berryhill*, CV 17-1062 JHR, Doc. 20, 2019 WL 586660 (D.N.M. Feb. 12, 2019) (unpublished); *Roybal v. Berryhill*, CV 17-1045 JHR, Doc. 26, 2019 WL 318387 (D.N.M. Jan 24, 2019) (unpublished); *Crockett v. Berryhill*, CV 17-0955 JHR, 2018 WL 6250602 (D.N.M. Nov. 29, 2018) (unpublished); *Brandenburg v. Berryhill*, CV 17-0507 JB/JHR, Doc. 27, 2018 WL 4328032 (D.N.M. May 25, 2018), *report and recommendation adopted*, 2018 WL 3062591 (D.N.M. June 21, 2018) (unpublished).

have considered (in *Stokes*[ *v. Astrue,* 274 F. App'x 675, 684 (10th Cir. 2008) (unpublished)]) to be sufficient so far for application of harmless error.").

The Commissioner made no factual finding in this case and referenced none of the *Trimiar* factors. The Court is constrained to apply binding precedent and will not relieve the Administration of its regulatory and legal burden to ensure a claimant actually has access to the jobs it identifies for him. "Each case (like each claimant) is unique, and the 'intrinsic' effects of a claimant's impairments may 'prevent [him] from *accessing* certain jobs in the local or national economy.' *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 906 (6th Cir. 2016) (emphasis supplied)." *Doc. 28*, p. 9. While the Tenth Circuit has since held that a Court can affirm as a matter of law when there are over 152,000 national jobs, *see Evans*, F. App'x at 736, *Trimiar* has never been overruled and remains good law. Thus, the Commissioner's citation to unpublished decisions of the Tenth Circuit and nonbinding decisions of other divisions of this court does not help her position.

### IV. <u>CONCLUSION</u>

The Commissioner makes much ado about the "'matter-of-law' requirement proposed by the Magistrate Judge," arguing that this requirement would "substantially burden an agency that is already flooded with claimants." *Doc. 29*, p 11. But, again, the requirement imposed by Magistrate Judge Ritter is nether novel nor suspect. *Allen*, 357 F.3d at 1144. If the Commissioner disagrees, she is entitled to appeal and ask the Tenth Circuit to reconsider its position on the issue.

Wherefore, IT IS HEREBY ORDERED that Mr. Herrera's Motion to Remand (Doc. 21) is granted. A Final Judgment will be entered separately.

_____
UNITED STATES DISTRICT JUDGE